IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEIL BLANKENSHIP, MICHAEL )
TURNEER, RHONDA TURNER, )
MIRIJANA BERAM, DARRELL )
HUTSON, ROBYN JOHNSON, and G. )   Civil Action No.  18cv1208
CRAIG BRADORD, individually and as )
Trustee Ad Litem for UNITED GAS )   Civil Action Complaint
WORKERS UNION, LOCAL 69, UTILITY )
WORKERS UNION OF AMERICA, AFL- )
CIO, an unincorporated association, )
)
              Plaintiffs )
)
              v. )
)
DOMINION ENERGY TRANSMISSION, )
INC., formerly Dominion Transmission, )
Inc., a Corporation, DOMINION ENERGY )
WEST VIRGINIA, INC., formerly Hope )
Gas, Inc., a Corporation, DOMINION )
ENERGY, INC., a Corporation, and )
DOMINION ENERGY SERVICES, INC., )
a Corporation, )
)
             Defendants )

**CIVIL ACTION COMPLAINT**

AND NOW, come the Plaintiffs, NEIL BLANKENSHIP, MICHAEL TURNER, RHONDA TURNER, MIRIJANA BERAM, DARRELL HUTSON, ROBYN JOHNSON, and G. CRAIG BRADFORD, individually and as Trustee Ad Litem for UNITED GAS WORKERS UNION, LOCAL 69, UTILITY WORKERS UNION OF AMERICA, AFL-CIO, an unincorporated association, by their attorneys, Samuel J. Pasquarelli, Esquire and Sherrard, German & Kelly, P.C., and file the within Civil Action Complaint against the Defendants, DOMINION ENERGY TRANSMISSION, INC., formerly Dominion Transmission, Inc., a Corporation, DOMINION ENERGY WEST VIRGINIA, INC., formerly Hope Gas, Inc., a Corporation, DOMINION

1

ENERGY, INC., a Corporation, and DOMINION ENERGY SERVICES, INC., a Corporation, averring in support thereof the following:

## INTRODUCTION

1. The Plaintiffs bring this action to secure their statutory rights to medical benefits which are subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C.A., § 1001, et seq.

## PARTIES

2. Plaintiff Neil Blankenship is an adult individual who resides in Grantsville, West Virginia, who was formerly employed by Dominion Energy Transmission, Inc, and who retired from employment with that Defendant with coverage under the benefit plan that is the subject of this litigation.

3. Plaintiff Michael Turner is an adult individual who resides in Weston, West Virginia, who was formerly employed by Dominion Energy Transmission, Inc, and who retired from employment with that Defendant with coverage under the benefit plan that is the subject of this litigation.

4. Plaintiff Rhonda Turner is an adult individual who resides in Weston, West Virginia, who is the spouse of the Plaintiff, Michael Turner and who, as his spouse is provided with coverage under the benefit plan that is the subject of this litigation.

5. Plaintiff Mirijana Beram is an adult individual who resides in West Union, West Virginia, who was formerly employed by Dominion Energy Transmission, Inc, and who retired from employment with that Defendant with coverage under the benefit plan that is the subject of this litigation.

6.. Plaintiff Darrell Hutson is an adult individual who resides in Salem, West Virginia, who was formerly employed by Dominion Energy Transmission, Inc, and who retired from

employment with that Defendant with coverage under the benefit plan that is the subject of this litigation.

7. Plaintiff Robyn Johnson is an adult individual who resides in Grantsville, West Virginia, who was formerly employed by Dominion Energy Transmission, Inc, and who retired from employment with that Defendant with coverage under the benefit plan that is the subject of this litigation.

8. Plaintiff G. Craig Bradford is an adult individual who resides in Morgantown, West Virginia. He has been employed by Dominion Energy West Virginia, Inc., and its predecessors for more than ten years and as such, he is a participant and beneficiary of the medical plan that is the subject of this litigation. He is the President of United Gas Workers Union, Local 69, Utility Workers Union of America, AFL-CIO, an unincorporated association ("the Union").

9. The Union is a labor organization which represents the production, maintenance and clerical employees of Dominion Energy Transmission, Inc. and Dominion Energy West Virginia, Inc. for collective bargaining regarding wages, hours and other terms and conditions of employment. The Union represents employees of the various Defendants who live in, work in and are employed in the Western District of Pennsylvania.

10. During the time that each of the Plaintiffs described in Paragraphs 2 through 7 hereof was employed by their employers and at the time that each of them retired from employment, the Union was their exclusive collective bargaining agreement relative to wages, hours and other terms and conditions of employment. A copy of the collective bargaining agreement in place among the parties at the times relevant to the claims made herein as attached hereto as Exhibit A.

11. After each of the Plaintiffs described in Paragraphs 2 through 7 hereof retired from employment, and up to and beyond the date of the filing of this complaint, the Union was and is the

exclusive collective bargaining agreement relative to wages, hours and other terms and conditions of employment regarding Dominion Energy Transmission, Inc. and Dominion Energy West Virginia, Inc.

12. As part of its collective bargaining function as aforesaid, the Union negotiated a Medical Plan covering the individual Plaintiffs herein. Attached hereto as Exhibit B is the medical plan that was applicable to each of the individual Plaintiffs at the time that they each retired from employment.

13. The Defendant, Dominion Energy Transportation, Inc., formerly known as Dominion Transmission, Inc. is a corporation with its office and place of business at Clarksburg, West Virginia. Said Defendant owns real estate, maintains offices and work locations in the Western District of Pennsylvania and it employs individuals who are constantly and permanently employed in said District.

14. The Defendant, Dominion Energy West Virginia, Inc., formerly known as Hope Gas, Inc., is a corporation with its office and place of business at Bridgeport, West Virginia. Said Defendant regularly does business in the Western District of Pennsylvania by purchasing products and services in said district.

15. The Defendant, Dominion Energy, Inc., is a corporation with an office and place of business in Richmond, Virginia. Said Defendant regularly does business in the Western District of Pennsylvania by purchasing products and services in said district and in administering employee pension, benefit and welfare plans in said district. The Plaintiffs also believe and therefore aver that said Defendant employs individuals in the Western District of Pennsylvania. Said Defendant is the plan sponsor of the benefit plan that is the subject of this litigation. The Plaintiffs believe and therefore aver that said Defendant is also a fiduciary relative to the said benefit plan as defined by ERISA.

16. The Defendant, Dominion Energy Services, Inc., is a corporation with an office and place of business in Richmond, Virginia. Said Defendant regularly does business in the Western District of Pennsylvania by purchasing products and services in said district and in administering employee pension, benefit and welfare plans in said district. The Plaintiffs also believe and therefore aver that said Defendant employs individuals in the Western District of Pennsylvania. Said Defendant is the plan administrator of the benefit plan that is the subject of this litigation. The Plaintiffs believe and therefore aver that said Defendant is also a fiduciary relative to the said benefit plan as defined by ERISA.

17. The medical benefit plan that is attached hereto as Exhibit B ("the Medical Plan") is an "employee welfare benefit plan" within the meaning of ERJSA, namely a medical welfare plan. For all periods of time relevant to this action, the Medical Plan offered medical retirement benefits to all the employees of Dominion Energy Transmission, Inc. and Dominion Energy West Virginia, Inc. who are or were represented by the Union for purposes of collective bargaining. The Medical Plan does business in the Western District of Pennsylvania by offering to and paying medical retirement benefits to residents of said district, by providing consultative services to Medical Plan participants and beneficiaries in said district and by engaging in acts of medical plan administration in said district. At all times material hereto, the Medical Plan offered medical retirement benefits to the individual Plaintiffs described in Paragraphs 2 through 7 hereof and to all similarly situated individuals.

## JURISDICTION AND VENUE

18. The claims asserted herein arise under ERISA, a law of the United States. As such, this Court has original jurisdiction pursuant to 28 U.S.C., Sec. 1331 as well as by 29 U.S.C.A. § 1132(e).

19. By virtue of its contacts within this district, including the operation of facilities in

5

Allegheny County and Westmoreland County, Pennsylvania, and other counties in the Western District of Pennsylvania, Dominion Energy Transmission, Inc. does business within this district. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391, and 29 U.S.C. §1132(e).

20. By virtue of its contacts within this district, including the purchasing of products and services in this district, Dominion Energy West Virginia, Inc. does business within this district. Therefore, venue is proper in this district pursuant to 28 U.S.C. §1391, and 29 U.S.C. § 1132(e).

21. By virtue of its contacts within this district, including the purchasing of products and services in said district and by acting as the plan sponsor and as a fiduciary of employee benefit and welfare plans in this district for employees employed in and retired in this district and by employing individuals in the Western District of Pennsylvania, Dominion Energy, Inc. does business within this district. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391, and 29 U.S.C. §1132(e).

22. By virtue of its contacts within this district, including the purchasing of products and services in said district and by acting as the plan administrator and as a fiduciary of employee benefit and welfare plans in this district for employees employed in and retired in this district and by employing individuals in the Western District of Pennsylvania, Dominion Energy Services, Inc. does business within this district. Therefore, venue is proper in this district pursuant to 28 U.S.C. § 1391, and 29 U.S.C. §1132(e).

## STATEMENT OF COMMON FACTS

23. The collective bargaining agreement attached hereto as Exhibit A provides that:

> "The Dominion Transmission and Hope Gas . . . Flexible Benefits Plan (includes the Medical Plan. . . ) shall be governed solely by the provisions of such plans. No changes affecting benefits . . . as provided on the date of this agreement may be made in such plans unless by agreement between the Union and the Company." (Exhibit A, Section XVI, pp. 26-27).

24. The Medical Plan attached hereto provides as follows:

> "Please see the "Changing or Terminating the Plans" section of the "Additional Information" SPD for information on the Company's ability to change or terminate the Medical Plan." (Exhibit B, Page 1-48).

25. The "Additional Information" SPD, attached hereto as Exhibit C, states as follows:

**"CHANGING OR TERMINATING THE PLANS**

> The Company reserves the right to alter, amend, or terminate any of the Benefit Plans at any future date. Such alteration, amendment or termination by the Company shall be permitted only after obtaining the consent of the Union to such changes, unless the alteration, amendment or termination is needed to comply with law or maintain the qualified status of the Plans under the Internal Revenue Code, or if it is administrative in nature and does not alter the substantive benefits of the Plan(s), in which cases the Company can make such alteration, amendment or termination without consent." (Exhibit C, page 12-7).

26. The Medical Plan attached hereto as Exhibit B provides that employees who retire from employment with Dominion Energy Transmission, Inc. and Dominion Energy West Virginia, Inc. shall be afforded medical coverage as retirees under medical coverage known therein as Option C.

27. During collective bargaining meetings between the Union on the one hand and Dominion Energy Transmission, Inc. and Dominion Energy West Virginia, Inc. on the other hand in 2016 and 2017, Dominion Energy Transmission, Inc. and Dominion Energy West Virginia, Inc. proposed to the Union to eliminate the Option C coverage for individuals who had retired prior to July 1, 2017 and to provide a different form of medical benefit to them.

28. The proposal made as described in Paragraph 27 hereof was not needed to comply with law or to maintain the plan's qualified status and it was not administrative in nature. It did alter the substantive benefits of the plan.

29. The Union declined to consent to said proposal.

30. Dominion Energy Transmission, Inc. and Dominion Energy West Virginia, Inc. then withdrew said proposal.

31. The parties then concluded their collective bargaining negotiations and the Union submitted the various items agreed to in said negotiations to its members for ratification, the submission occurring in March of 2017.

32. While the ratification process was ongoing, the Defendants and each and all of them unilaterally altered the terms of the medical plan and unilaterally implemented the proposal described in Paragraph 27 hereof.

33. The Union and the individual Plaintiffs requested the Defendants to rescind the said implementation and to restore the Option C coverage to the plan's retired participants.

34. The Defendants refused to do so.

35. The Plaintiffs filed the necessary internal review complaints and appeals as required by the Plan and by ERISA but the Defendants, and especially the Plan Sponsor Defendant and the Plan Administrator Defendant, rejected said complaints and appeals.

36. The aforesaid unilaterally implemented changes were made without the consent of the Union, they altered and changed the benefits and they caused additional expense to some or all the individual Plaintiffs and to others covered by the medical plan.

37. ERISA permits participants and parties in interest to maintain suits to clarify their future rights to benefits under an employee welfare or benefit plan, and by maintaining this suit, the Plaintiffs seek a determination as to whether the Defendants' unilateral changes to the medical plan constituted a violation thereof and a violation of ERISA.

38. The individual Plaintiffs are all vested participants in the Medical Plan and they will be affected by the outcome of this litigation as will all other vested participants of said plan.

39. The Plaintiffs have sought internal review of their concerns, and as such, the Plaintiffs

have exhausted their required internal remedies under the Plan and under ERISA.

### COUNT I- VIOLATION OF 29 U.S.C. § 1132(a)(l)(B)

40. Plaintiffs incorporate as if fully restated here paragraphs 1 through 39.

41. 29 U.S.C. §1132(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary, "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

42. Plaintiffs and all members of the Union similarly situated will be wrongfully denied benefits by the Medical Plan by the alterations made by the Defendants.

43. By virtue of the terms of the collective bargaining agreement attached hereto as Exhibit A and of the Medical Plan referred to in the Summary Plan Description attached hereto as Exhibit B, the consent of the Union to the aforesaid interpretation is required and has not been obtained.

### COUNT II-VIOLATION OF 29 U.S.C. §1132(a)(3)(A) and (B)

44. Plaintiffs incorporate as if fully restated Paragraphs 1 through 43.

45. 29 U.S.C. §1132(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary, "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

46. Plaintiffs and all members of the Union similarly situated will be wrongfully denied benefits by the Medical Plan by the alterations made by the Defendants.

47. By virtue of the terms of the collective bargaining agreement attached hereto as Exhibit A and of the Medical Plan referred to in the Summary Plan Description attached hereto as Exhibit B, the consent of the Union to the aforesaid interpretation is required and has not been obtained.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs respectfully request this Honorable Court to determine that:

(1) the Defendants and each of them have improperly altered the terms of the aforesaid

Medical Plan,

(2) to require the Defendants and each of them to retroactively rescind their unilateral imposition of benefits not consented to by the Union,

(3) to order the Defendants and each of them to compensate the Plaintiffs for any expenses incurred by them because of said unilateral implementation, and

(4) to grant to the Plaintiffs and each of them such general, special, and punitive damages as the Court may find just and proper and to award to them attorney fees and the costs of this litigation.

Respectfully submitted,

SHERRARD, GERMAN & KELLY, P.C.

By: /s/ Samuel J. Pasquarelli
Samuel J. Pasquarelli, Esquire
Attorney for Plaintiff
PA ID #00906
535 Smithfield Street, Suite 300
Pittsburgh, PA  15222
(412) 355-0200
sjp@sgkpc.com
Attorneys for Plaintiffs
